**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

    Melvin Peter Mathies,                                   Bankruptcy No.  95-60425
    Anna Clare Mathies,                                    Chapter 7 Case

    Debtors.

## NOTICE OF SALE OF REAL ESTATE

To: The United States Trustee, all creditors and other parties in interest.

On May 22, 2017, or as soon thereafter as the transaction may be completed, the undersigned trustee of the estate of the Debtor will sell the estate's interest in the real estate (the "Real Estate") legally described as follows:

    The East Half of the Southwest Quarter (E½ of SW¼) of Section 18, Township 122, Range 29, Stearns County, Minnesota.

The Debtor Anna Clare Mathies owns an undivided 1/8th interest in the Real Estate.  The Real Estate will be sold to Jeremy M. Mathies (the "Buyer") for sum of $152,000.00.  The sellers are expected to incur settlement and transfer charges totaling $764.25, leaving $151,270.12 to distribute to the sellers group.  The bankruptcy estate expects to receive a distribution of approximately $18,908.76 based on the Debtor's undivided 1/8th interest.  The Buyer is the nephew of the Debtor.  The trustee has researched the sales price and believes that the $152,000 selling price is in the best interests of the bankruptcy estate.  It is possible that there may be minor modifications to the settlement charges prior to closing and the trustee intends to complete the sale provided the bankruptcy estate receives a distribution of at least $18,500.00 from the sale.  The Buyer's agreement to purchase the Real Estate is contingent upon bankruptcy court approval and upon the Buyer's approval of the Real Estate title.  The bankruptcy estate's interest in the Real Estate will be transferred by a trustee's deed.  The trustee's deed will make no representations or warranties concerning the real estate.  It will be the Buyer's obligation to perform his own title work and do his own due diligence review of the real estate.  If the Buyer determines that there is a lien or other encumbrance against the property, or title to the property is not marketable, the Buyer will not be obligated to purchase the Real Estate.

OBJECTION: MOTION: HEARING.  Under the applicable rules, any objection must be in writing, be delivered to the Trustee and the United States Trustee, and be filed with the Clerk, not later than 12:00 o'clock noon on the day before the above date.  If an objection is made or an order is required, the Trustee moves the court for such orders as may be necessary and appropriate.  If an objection is timely delivered and filed, the Court will hold an expedited hearing on the objection with reduced notice of the hearing.  The hearing will be scheduled by the Trustee with notice by the Trustee to the objecting party and the United States Trustee.

| Clerk of Court<br>US Bankruptcy Court<br>404 US Courthouse<br>515 W First Street<br>Duluth, MN  55802 | United States Trustee<br>1015 US Courthouse<br>300 South 4th Street<br>Minneapolis, MN  55415 | Trustee<br>(see address below) |
|---|---|---|

Dated:  April 26, 2017                     /e/ Erik A. Ahlgren
                                           Erik A. Ahlgren, Trustee
                                           220 W Washington Ave, Ste 105
                                           Fergus Falls, MN  56537
                                           218-998-2775
                                           trustee@prtel.com